[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Ralph Littleton pleaded guilty to two counts of aggravated arson. The trial court sentenced Littleton to eight years' incarceration, merging the counts for purposes of sentencing. In his appeal, Littleton raises one assignment of error in which he contends that the trial court erred by imposing more than the minimum sentence because he had not been in prison before.
If an offender has not previously served a prison term, R.C. 2929.14(B) requires a trial court to "impose the shortest prison term authorized for the offense unless the court finds on the record that the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Littleton has not previously served a prison term. (The record demonstrates that he previously had been sentenced to serve jail time. Jail and prison, however, are not synonymous.[1]) Thus, the trial court was mandated to give oral or written findings required by R.C. 2929.14(B) before imposing more than the minimum sentence. The trial court failed to expressly make such findings on its felony-sentencing worksheet. Further, the court's comment from the bench that the building at which Littleton threw his "Molotov cocktail" contained innocent people was inadequate to satisfy the findings required by R.C. 2929.14(B). Thus, because we conclude that the trial court erred as a matter of law in imposing Littleton's sentence, we sustain his assignment.[2]
Therefore, we vacate Littleton's sentence and remand this cause to the trial court for resentencing in compliance with R.C. 2929.14(B). We affirm the judgment of the trial court in all other respects.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] See R.C. 2929.01(U) and (CC).
[2] See State v. Gumenick (June 15, 2001, Hamilton App. No. C-000722, unreported.